IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02266-GPG

Q.ILI-YAAS HAAKEEM FARRAKHAN-MUHAMMAD,

   Applicant,

v.

JOHN OLIVER, ADX Warden,

   Respondent.

---

ORDER OF DISMISSAL

---

Applicant is in the custody of the Federal Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado.   Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § in a Habeas Corpus Action.

In an order entered on October 14, 2015, Magistrate Judge Gordon P. Gallagher told Applicant that if he intends to pursue an action he must cure a certain deficiency. Specifically, Magistrate Judge Gallagher directed Applicant to submit a current inmate account statement.   The statement Applicant had submitted in support of the § 1915 Motion reflected the balance in Applicant's inmate account as of August 4, 2015. Applicant filed this action on October 13, 2015.   Magistrate Judge Gallagher warned Applicant that the action would be dismissed without further notice if he failed to cure the deficiency within thirty days.

On November 4, 2015, Applicant filed a second § 1915 Motion and attached a certified inmate statement that is dated October 28, 2015.   Applicant, however, did not include all of the pages of the statement; and as a result he failed to submit an inmate statement that shows the current balance as of October 13, 2015, the date he initiated this action.

A review of this Court's Docket reveals that Applicant has filed at least fifteen habeas actions in this Court since 2003.   Most recently in Case No. 15-cv-01880-PAB, Magistrate Judge Gordon P. Gallagher identified the same deficiency that was found in this case and directed Applicant to file a current certified account statement, which Applicant did.   *See Farrakhan-Muhammad v. Oliver*, No. 15-cv-01880-PAB, ECF Nos. 4 and 5 (D. Colo. Filed Aug. 31, 2015).   Because Applicant is aware of the requirements he must follow to seek leave to proceed pursuant to 28 U.S.C. § 1915 in a habeas action, but has failed to comply with the requirements in this case, the Court finds he is intentionally disregarding a Court directive.   The Court, therefore, will dismiss the action for failure to comply with a Court order.   If Applicant continues to intentionally disregard Court directives he may be subject to filing restrictions or sanctions.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without

prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the October 14, 2015

Order, within the time allowed, and for failure to prosecute.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this   20th   day of   November   , 2015.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court